30          KENTUCKY REPORTS.          [Vol. 97

Martin, &c v. City of Louisville. Reed, &c v. Same.

---

CASE 7—PETITION EQUITY—MARCH 1.

# Martin, &c., v. City of Louisville, Reed, &c., v. Same.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. CLOSING OF STREETS AND ALLEYS.—Without some legislative authority a city has no power either to condemn or close streets or alleys; and where a mode is pointed out in the charter for closing streets and alleys that mode must be regarded as exclusive.

   Under the charter of the city of Louisville, which authorized the court, in an action instituted by the city for that purpose, to decree the closing of a street or alley, "if satisfied that the closing up would be beneficial to said city and not injurious to any party not consenting," the court had no power to order the closing of an alley where it appeared that damage would result to property owners not consenting to the closing, even though compensation was made.

2. SAME.—A corporation, whether municipal or private, seeking to appropriate a street or alley to its use must resort to the writ

of *ad quod damnum,* and under it compensate the owner for the injury sustained. But the city can not even in that way close a street or alley unless it be for the purpose of appropriating it to some municipal or public use.

W. W. THUM, WILLSON & THUM, J. C. POSTON AND N. T. CRUTCH-FIELD FOR APPELLANTS.

Brief not in record.

HENRY S. BARKER FOR APPELLEE.

The city has a right to close and discontinue highways subject only to the demand of any abutting property holder to be compensated for the damage which his property may sustain by reason thereof. (Gargan v. Louisville, &c., R. Co., 89 Ky., 212; Elliott's Digest of City Laws and Ordinances, p. 150; Opinion of Judge Pryor on motion to re-instate injunction in Mengel & Bro. Co. v. City of Louisville.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This proceeding was instituted in the Louisville Chancery Court by the city of Louisville as the plaintiff, against the owners of certain lots, Martin and others, for the purpose of discontinuing an alley running from Fourth street west to a point where it intersects another alley in the center of the square.

The provision of the charter under which the action was brought is as follows: "That the city may at any time institute suit in the Louisville Chancery Court for the purpose of closing up any of its streets or alleys, dividing any of the squares or lots thereon, and to such suit all the owners of ground in the square or lot shall be made defendants, and if all such defendants are competent to act for themselves, and shall consent to the closing up prayed for, then the court shall render a decree accordingly, but without such consent said court shall hear the proof made by the parties, and if satisfied that the closing up would be beneficial to

said city, and not injurious to any party not consenting, shall render a decree closing up said street or alley."

A resolution was passed by both boards of the council and signed by the mayor authorizing the attorney for the city to bring the action, a large majority of those owning real estate within the square having presented a petition to the council asking that this alley be closed.

The alley was directed to be closed and three of the owners of lots or parts of lots are appealing from the order of the chancellor.

These appellants claim their respective lots were lessened in value by reason of the closing of this alley, and that much inconvenience would result to them in passing from their homes to Fourth street, causing them to travel a much greater distance than the usual passway through this alley.

It appearing from all the testimony that some damage would result to these property owners, the chancellor in order to assess the damages to the lot of Mrs. Martin and that of Buffemeyer had a jury impanelled who awarded to Mrs. Martin $125, and to the heirs of Buffemeyer a like sum, or rather they accepted a sum equal to that given Martin. The proceeding to award damages and all steps taken for that purpose were objected and excepted to by the appellants upon the ground that no proceedings could be had in the nature of a writ of *ad quod damnum*, when the closing of the alley depended only upon its being beneficial to the city, and not injurious to the lot owners, and besides that no such ordinance had been passed as authorized the assessment of damages in the event the city was attempting to take from the property owner her right of property in this easement that it might be devoted to a municipal or public use. The only provision of the city charter to which our attention has been called in reference to the condemnation of

property for city purposes provides: "Whenever,in the opin-
ion of the general council, property shall be needed for mu·
nicipal purposes, either within the boundary of said city, or
the county of Jefferson, said council may by ordinance order
the condemnation of such property." It is not pretended
that this is a condemnation proceeding, or that the closing of
the alley is such a municipal user as could deprive the own-
er of his right of·property in the easement by condemnatory
proceedings. If the city desired to appropriate this alley
to some municipal or public use, then the right of property
in it could be condemned, but not otherwise. The charter
contains the organic law of the city, and when property is
to be condemned for public use the way is pointed out by
an express provision, and when the existence of a street or
alley is no longer beneficial to the city, although not needed
for municipal use, it may be closed up, when not injur-
ing the property owners on the square whose right of prop-
erty in the easement is undoubted; and this proceeding is
also authorized by a special clause of the charter.

Without some legislative authority a city has no power
either to condemn or close streets or alleys, and the city of
Louisville deriving its sole power from its charter provis-
ions, the mode pointed out for closing streets and alleys
must be regarded as exclusive.

In the case of Gargan vs. The Louisville, &c. R. Co., re-
ported in 89 Ky., 212, this court, in discussing the rights of
the city to close streets, said a corporation, whether munic-
ipal or private, seeking to appropriate the, street to its own
use, must resort to the writ of *ad quod damnum*, and under it
compensate the owner for the injury sustained.

As to two of the appellants, Reed and Hermany, it appears
that before the case stood for trial, although judgment by
default had been entered against them, they gave reasons.

for asserting their claim to damages, and denying the right of the city to close the alley. They ought to have been permitted to make defense. It is not necessary, however, to consider these questions, as the judgment must be reversed, and if the alley is open to use, it is for all those on the square.

Judgment reversed, with directions to dismiss the petition.